# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

| | |
|---|---|
| **Abdul K. Hassan, Esq.** | Tel: 718-740-1000 |
| Email: abdul@abdulhassan.com | Fax: 718-740-2000 |
| *Employment and Labor Lawyer* | Web: www.abdulhassan.com |

**February 28, 2023**

**Via ECF**

Hon. Katherine H. Parker, UMDJ
United States District Court, SDNY
500 Pearl Street,
New York, 10007 NY
Tel: 212-805-0292

<u>Re: Parris v. Innovative Green Technologies LLC</u>
Case #: 22-CV-10049 (KHP)
Motion for Settlement Approval

Dear Magistrate-Judge Parker:

My firm represents plaintiff Glenroy Parris ("Plaintiff" or "Parris") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is the settlement agreement signed by Plaintiff – a fully executed copy will be provided to the Court once Defendant formally signs. Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel – the basis for the 1/3 contingency fee. Exhibit 3 are the costs receipts in this case.

Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information.

1

Based on the allegations in the complaint, we have unpaid overtime wages of about $50,980 (about $19,305 on the meal break claim and $31,680 on the on-call overtime claim), under the NYLL six-year statute of limitations period – including about $29,155.50 in unpaid overtime wages under the FLSA's two-year period for non-willful violations. Defendant may also be able to avoid the imposition of liquidated damages – including liquidated damages on all wages paid later than weekly. Defendant disputes the alleged work hours and takes the position that Plaintiff was properly compensated for any hours worked. More specifically, the parties dispute whether certain time constituted work and were compensable – the central basis of Plaintiff's overtime claim. In general, Defendant denies Plaintiff's allegations.

Assuming Plaintiff prevails on his wage notice and wage statement claims he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with some type of wage statements for certain periods – there may be a technical dispute as to whether the wage statements were fully compliant.

In addition to the usual release in Cheeks which releases wage and hour claims and claims in the action, the settlement here contains a broader release. (Ex. 1 ¶ 4). The expansion of the release in this case is proper in the context of this case for several reasons. First, the broader release was specifically negotiated in exchange for a higher settlement payment, so there is separate and additional consideration for the expansion of the release. Second, Plaintiff is also receiving a release in his favor – in this regard, Defendant had raised counterclaims based on a dispute over certain materials and the ownership and value of such materials – although Plaintiff denies Defendant's allegations, both parties felt it was in their interest to resolve matters beyond the present case through a broader release. Third, it does not appear to be any other viable claims against the Defendants other than those asserted in this action. See i.e. *Contreras v. GM6 Residential Services, LLC et al*, Case No. 18-CV-12148, ECF No. 23-24, (May 23, 2019)(approval of FLSA settlement agreement with mutual releases); *Hixholli v. Aqua 3065 GC LLC et al*, Case Number 19-CV-05654, ECF No. 35, page 2 ¶ 1, (Judge Netburn - SDNY, November 25, 2019)(approval of FLSA settlement agreement with mutual releases); *Hidalgo v. Villiford Realty Corporation*, Case No. 18-CV-10017, ECF No. 23, (April 22, 2019)(approval of FLSA settlement agreement with mutual releases); *Kumar v. Astoria Center Inc. et al*, Case No. 19-cv-02497 (Magistrate-Judge Bulsara, April 22, 2020)(approving mutual general releases under *Cheeks*). See also *Mantalis v. Polo Soap Supplies, Inc. et al*, Case No. 19-cv-00477 (Magistrate-Judge Gold)(EDNY - January 13, 2020) (approving mutual general releases under *Cheeks*).

The total settlement amount is $60,477. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $40,000 after costs ($477) and a 1/3 contingency fee ($20,000). (See Ex. 1 ¶ 1(a-c)).

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $20,000 after reimbursement of $400 in filing ($402), and service ($75) costs. (Ex. 1 ¶ 2(c))[1].

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

2

See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions). See also *Miller v. United Parcel Service, Inc.,* EDNY Case No. 20-CV-05244, ECF No. 15 (Magistrate Judge Wicks, February 24, 2023)(" After deducting costs, Plaintiff's counsel requests $14,685 of the $45,000 amount. In support of this award, Plaintiff's counsel submits the retainer agreement. (DE 12-2.) The award and fees here requested are "consistent with the fee arrangement set forth in the retainer agreement." *Caceres*, 2021 WL 3276637, at *2. Further, $400 for filings, $300 in mediation costs, and $244 represent "common expenses for wage-and-hour cases in this district."").

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Ahluwalia v. Zaika Food Company,* Case #: 19-CV-10940 (KHP) (approving 1/3 fees of $13,274 under *Cheeks*); *Caltempa Molina v. Buena Vista Tortillas Corp. et al*, Case No. 20-cv-04925 (Judge Parker - January 4, 2021) (approving 1/3 fees of $11,466 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Bocanegra v. First Management Corp. et al,* Case No. 18-cv-00658, ECF No. 41, (Magistrate-Judge Pollak – June 14, 2019)(approving a 1/3 contingency fee of $19,772 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, the amount Plaintiff is due to receive under the settlement is not insignificant – especially in light of the factual and legal issues. Second, Defendant disputes liability and a jury can award Plaintiff less than he is receiving here or nothing. Third, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation. Finally, the settlement was the product of arms' length negotiations where the parties were represented by experienced attorneys in the area of wage and hour litigation, and who vigorously advocated on behalf of their respective clients during settlement discussions.

---

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq.

**cc:     Defense Counsel via ECF**